## STANTON *v.* FOSTER.

ESTATES OF DECEDENTS — WIDOW'S ALLOWANCE — RESIDUE — ASSIGNMENT BY PROBATE COURT.

> Under 3 Comp. Laws 1897, § 9322, subd. 4, providing that, if the inventory of an intestate estate shows that it does not exceed in value $150 over and above the allowances to the widow, the probate court may, by a decree for that purpose, assign the entire estate for her use and support, she acquires no property rights in such residue until the proper order is made by the probate court.    LONG, J., dissenting.

Error to Sanilac; Beach, J.    Submitted October 4, 1899.    Decided December 12, 1899.

Replevin by Thomas J. Stanton, executor of the last will and testament of Keziah J. Johnson, deceased, against Josiah H. Foster.    From a judgment for plaintiff, defendant brings error.    Reversed.

*C. F. Gates*, for appellant.

*H. O. Babcock* and *E. C. Babcock*, for appellee.

HOOKER, J.    Robert H. Foster died November 24, 1894. Keziah J. Johnson, who lived and cohabited with him for many years, died September 29, 1896, leaving a will appointing the plaintiff executor, and he received letters testamentary on November 5, 1896.    He took possession of the property in dispute (some horses and harrows) at once.    They had been in testatrix's possession after the death of Robert H. Foster.    On March 1, 1897, the defendant was appointed administrator of Robert H. Foster. Soon afterwards he replevied the property from one Freeman Johnson, the hired man of the plaintiff, who had it in his custody.    The record does not show what disposition was made of that case, but subsequently this action of replevin was commenced.    In his opening, counsel for the plaintiff stated that the defendant's father, Robert H. Foster, lived in Lamotte township, and Mrs. Johnson lived with him; that the harrows were purchased directly by her; that defendant's father made the bargain for the horses, but, before it was completed, Mrs. Johnson signed the note given for them, and afterwards paid it; that, after Foster died, the horses were in her possession until her death, and no one disputed her right to them or made any claim to them until after she died.    Testimony in support of this statement was introduced.    The defendant introduced testimony tending to show that the property was owned by Robert H. Foster at the time of his death, and showed his death, and the appointment of the defendant as his administrator.    At the commencement of the case, the plaintiff offered to show that the marriage of Mrs. Johnson and Robert H. Foster was illegal and void.    This was objected to, but the testimony was admitted.    The court ultimately held that it was insufficient to overcome the proofs of cohabitation as husband and wife.    The defendant's inventory of the estate of Robert H. Foster was admitted, against defendant's objections.

After instructing the jury that the plaintiff should recover if the jury should find that Mrs. Johnson was the owner of the property by reason of her alleged purchase, the court said further:

"Now, there is another question. If you should find the property belonged to the husband, as a matter of fact, originally, before he died, the law gives the widow certain rights in the property of her husband when he died,— the personal property, the chattel property. It gives her first $250 worth of household furniture absolutely. It next gives her selection of $200 worth of the remaining property absolutely. And then she is entitled to some other allowances. Then, after these allowances are made and the selections made, after taking these out, if the whole estate remaining does not exceed $150, the law gives the rest of it to her,— the personal property. Now, whether the husband owned this property, or the wife owned it, in his lifetime, and died, and his personal property, outside of the household furniture, did not exceed $350 in value, then it belonged to the wife. If inventoried to his estate, it would go to the wife, and that irrespective of the fact whether the probate court had made the assignment or not. I don't retract one word. That statute refers to personal property. If the personal estate does not exceed $150 over and above these allowances, the personal estate goes to the wife. That statute regulates personal property alone."

Counsel for the appellant asserts that the plaintiff should not have been allowed to recover upon the theory that Mrs. Johnson was the widow of Robert H. Foster, because he made no such claim in his opening, but, on the contrary, attempted to prove that she was not such widow, for the reason that the marriage was void. He claims further that the administrator was entitled to the property of Robert H. Foster's estate, and that the widow had no ownership of, or right to the possession of, it, as against him, until allowed to her by order of the probate court.

3 Comp. Laws 1897, § 9322, provides for the distribution of estates. Subdivision 1 thereof gives to the widow certain wearing apparel and household furniture. Section 9352 provides for a separate inventory and appraisement

of the same, and that it shall not be considered assets in the hands of the representative.   Subdivision 4, § 9322, provides:

"If, on the return of the inventory of any intestate estate, it shall appear that the value of the whole estate does not exceed the sum of one hundred and fifty dollars over and above the allowance above provided, the probate court may, by a decree for that purpose, assign for the use and support of the widow and children of such intestate, or for the support of the children under the age of ten years if there be no widow, the whole of such estate, after the payment of the funeral charges and expenses of administration."

It is upon this that the portion of the charge complained of rests.  We are of the opinion that the learned circuit judge has misinterpreted it, and that the widow can acquire no property under that subdivision except by an order of the probate court.   We are therefore constrained to reverse the judgment and direct a new trial.   It is so ordered.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred with HOOKER, J.

LONG, J. (*dissenting*).   I am unable to agree with my Brother HOOKER on the interpretation which he gives to subdivision 4 of section 9322, 3 Comp. Laws 1897.   This section is quoted at length in the opinion of my Brother HOOKER.   Under its provisions, I think it became the duty of the probate court to assign the residue of the estate to the widow, if the residue did not exceed $150.   If the residue did not exceed this amount, the widow was entitled to it; and the court below was not in error in so charging the jury.   I also think the provisions of section 9352 do not affect the question of the widow's right to receive the moneys provided by subdivision 4, § 9322.

The judgment should be affirmed.